Mr. Frank A. Howard, Jr. Board Attorney Dade County School Board 1410 Northeast Second Avenue Miami, Florida 33132
Dear Mr. Howard:
This is in response to your request for an opinion on substantially the following question:
 MAY A SCHOOL BOARD EXPEND PUBLIC FUNDS TO AID TENANTS DISPLACED BY SCHOOL BOARD LAND ACQUISITIONS, WHEN THE TENANTS HAVE NO PROPRIETARY INTEREST IN THE PROPERTY TO BE ACQUIRED AND DO NOT HAVE SUFFICIENT FUNDS TO PAY MOVING EXPENSES, AND VARIOUS OTHER COSTS OF RELOCATION?
Your inquiry notes that this question has arisen because of the land acquisition program for expansion of the construction site for a new junior high school. You state that many of the properties to be acquired are multiple family dwellings or rooming and boarding houses, and that many of the tenants to be displaced are in need of aid to permit or facilitate relocation. For the following reasons, your question is answered in the negative.
Section 236.29, F.S., provides, in pertinent part:
 The district school fund shall be apportioned, expended and disbursed . . . as prescribed by law . . . . (e.s.)
See also ss 236.13 and 236.24(1), F.S., delineating the sources of the district school fund.
Additionally, s 237.02(3), F.S., provides:
 Expenditures from district and all other funds available for the public school program of any district shall be authorized by law . . . .' (e.s.)
Attorney General Opinion 82-59 considered the purposes for which district school boards may lawfully expend school funds. Construing ss 236.29 and 237.02(3), AGO 82-59 concluded that these statutes operate to require any expenditures from district school funds to be as prescribed by law or authorized by law. Thus, some express statutory authorization must exist before such funds may be lawfully expended or disbursed. The same opinion also noted that district school boards, although constitutionally created, have no inherent powers, and possess only such powers as the Legislature has conferred on them. See also, AGO's 80-73; 80-42.
Therefore it has been the opinion of this office that a district school board may not exercise a substantive power in the absence of a statutory provision conferring such a power upon the school board. See also, AGO 82-71, which concluded that in the absence of statutory authorization therefor, a district school board could not expend school funds in payment of tuition fees for doctoral level courses for the education of its superintendent, and which likewise rejected the proposition that school boards possess `home rule' powers, relying on a narrow construction of the term `educational purposes' as it is used in s 230.03(2), F.S., and also relying on ss 236.29 and 237.02(3) and the basic rule that express statutory authorization must exist before school funds may be lawfully expended for any purpose.
Moreover, my research has not revealed, nor have you brought to my attention, any provision in the Florida School Code, Title XVI, F.S., which expressly authorizes a district school board to expend district school funds to aid tenants displaced by school board land acquisitions. Additionally, my research has not revealed, nor have you brought to my attention, any statutory provision in the eminent domain laws, Chapters 73 and 74, F.S., that would authorize such payments to the persons described in your letter (in the event that these parcels are being acquired by condemnation). See, s 73.071, F.S. (I note here that your letter states that mobile homes are not involved in this land acquisition project, and thus, that s 73.071(1)(c) is not applicable.) Seealso, ss 235.05(1), F.S., and 230.23(2), F.S. This office has no power to add to or detract from the statutory laws to accommodate local exigencies or to confer any authority upon the district school boards for any purpose not authorized by the statutes.
It may be possible that s 421.55, F.S., would provide authority to the school board to make certain relocation payments and pay related costs to displaced tenants who meet the qualifications prescribed by the `Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970', codified as42 U.S.C. § 4601, et. seq. However, no information has been supplied to this office by the school board as to whether the board's acquisitions of land for this school site were in fact federally assisted or as to whether this particular acquisition meets the requirements of the above-referenced federal statute, or whether under the terms of any federal grant or assistance contract or under any judicial construction of this federal law, the acquiring agency is required to make such payments to displaced persons described by42 U.S.C. § 4601, et. seq. Since no factual information has been furnished to us by your office as to the applicability of this federal statute, this office cannot assume that such is the case. However, if in fact the land acquisition project in question is federally assisted, the attorney for the school board should consider the applicability of s 421.55, F.S. and 42 U.S.C. § 4601, et. seq., rules adopted under that statute by the appropriate federal regulatory agency and the terms of any applicable federal grant or assistance contract. Moreover, such questions of the applicability of or interpretation of federal law or implemental rules are beyond the power of our office to determine.
Accordingly, it is my opinion, unless and until judicially determined otherwise, that a district school board is not authorized by law to expend school funds to aid tenants displaced by school board land acquisitions.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General